1  BRIAN P. FUNK ESQ.
   CSB NO. 110462
2  964 Fifth Avenue #214
   San Diego, CA 92101
3  (6l9) 233-4076

4  Attorney for Defendant,

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim No. 08CR2559-L |
| | ) | |
| Plaintiff, | ) | **MOTION FOR DISCOVERY** |
| | ) | **[AND LEAVE TO FILE FURTHER]** |
| | ) | **MOTIONS** |
| vs. | ) | |
| | ) | |
| ROBERT ED TORRES | ) | |
| | ) | DATE : 09-02-08 |
| Defendant. | ) | TIME: 2:00 pm |
| | ) | |

TO:    KAREN  HEWITT  UNITED STATES ATTORNEY :

       AUSA REBEKAH  YOUNG

COMES NOW the Defendant ,ROBERT ED TORRES    , by and through his  counsel, Brian P. Funk, will move this Court to compel discovery.

//

/

1

## MOTION

ROBERT ED TORRES, by and through his counsel and pursuant to the Fifth and Sixth Amendments to the United States Constitution and the provisions of Rule 16 of the Federal Rules of Criminal Procedure hereby brings the following motion:

To compel discovery:

Leave to file further motions:

This motion is based on the instant Motions, Notice of Motions, the attached Statement of Facts and Memorandum of Points and Authorities, the files and records in the above-entitled case, and any and all other evidence which may be brought to this Court's attention prior to or at the time of the hearing on these motions.

Dated: August 19, 2008                    Respectfully submitted,

                                                     /s/ Brian P. Funk
                                                   BRIAN P. FUNK
                                                   Attorney for Defendant

BRIAN P. FUNK ESQ.
CSB NO. 110462
964 Fifth Avenue #214
San Diego, CA 92101
(6l9) 233-4076

Attorney for Defendant,

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>)<br>    Plaintiff,   )<br>)<br>)<br>vs.   )<br>)<br>)<br>ROBERT ED TORRES   )<br>)<br>    Defendant.   )<br>_____) | Crim No. 08CR2559-L<br><br>**POINTS AND AUTHORITIES**<br><br>**Compel Discovery**<br><br><br><br>DATE : 09-02-08<br>TIME: 2:00 pm |

### STATEMENT OF THE CASE

ROBERT ED TORRES was indicted on July 31, 2008. It is alleged he is part of a six defendant Conspiracy to smuggle marijuana into the United States.

### I

### MOTION FOR DISCOVERY

ROBERT ED TORRES hereby requests discovery **and preservation** of the following items pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 16 of the Federal Rules of Criminal Procedure, and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

The items which ROBERT TORRES requests are set forth as follows:

08CR2559-L                                                    1

1.  **1. All reports** / DOCUMENTS by government agents generated as a result of this case
2. including, but not limited to, crime reports, "tips", arrest reports, search warrants, and affidavits in
3. support of search warrants.     specifically requests all documents and reports concerning this
4. prosecution, including but not limited to all reports generated during this investigation.
5.  "A" file info, NCIC (criminal records), "TECS" reports, Reports on witnesses ,defendant , all
6. records of any medical condition of either defendant OR witnesses.
7.
8.  **2. A list of all witnesses** the government intends to call during its case-in-chief, including
9. telephone numbers of the witnesses and their present whereabouts.
10.    Although a defendant in a criminal case does not have the right to demand a list of witnesses, a
11. federal district court possesses, in the exercise of its inherent power to promote the proper
12. administration of justice, the authority to require the government to disclose a list of witnesses to be
13. called at trial. United States v. Leichtfuss, 331 F.Supp. 723 (N.D. Ill. 1971). In Leichtfuss, the
14. district court ordered the government to provide defense counsel with a list of government witnesses
15. thirty days prior to trial. In the instant case, disclosure of the names and addresses of government
16. witnesses would facilitate prompt and effective cross-examination and foster stipulations to some
17. testimony. Production of the government's witness list would also enable this Court to determine
18. the approximate length of the trial.
19.
20.  **3. All statements** made by ROBERT TORRES or witnesses.
21.     This item calls for discovery of all statements made by ROBERT TORRES , any Witness.
22. , including the original of the alleged witness statements , all notes and rough notes whether oral,
23. written or recorded, which are in the possession, custody or control of the government or which, by
24. the exercise of due diligence, may become available to the government which have not already been
25. produced by the government. Rule 16(a)(1)(A) clearly authorizes production of such discovery.
26.     This item calls for discovery of all statements of defendant, regardless to whom the statement
27. was made. It also calls for handwritten notes taken by or at the request of government agents
28.

08CR2559-L                                                 2

concerning such statements. By the very terms of Rule 16(a)(1)(A), the defendant has the absolute right to inspect and copy written or recorded statements made by him to "government agents." The term "government agents" includes employees and agents in the established legal sense of the customs or the ICE, DEA and all those acting in concert with them. This rule has been interpreted to mandate discovery of the written summary of a defendant's oral statements contained in the handwritten notes of a government agent. Loux v. United States, 389 F.2d 911 (9th Cir. 1968). If the statement of the defendant is summarized in the notes of the U.S. Attorney, it is still discoverable pursuant to Rule 16(a)(1)(A) and is not shielded by the Work Product Rule.

**4.    All books, papers, documents, photographs, tape recordings, video tapes, and tangible objects** which are presently in the possession, custody, or control of the government and which are material to the preparation of the defense of defendant or intended for use as evidence by the government in its case-in-chief.

Rule 16(a)(1)(C) provides authority for production of documents called for in item # 4. In United States v. Countryside Farms, Inc., 428 F. Supp. 1150 (D. Utah 1977), the court made an interpretation as to what is included in the meaning of Rule 16(a)(1)(C) and concluded "... documents which will be relied on or referred to in any way by any witnesses called by the government during its case-in-chief" are to be produced. Thus all documents and reports which may be relied upon or referred to in any way by any witness are discoverable under Rule 16(a)(1)(C).

**5.    Government files and records concerning witnesses**.

The defense requests disclosure of any and all personnel files for persons to be called as government witnesses, informants in this case, and the defendant, together with the existence of any and all federal, state, and local government files for these individuals. Included in this request is identification of all official or unofficial internal affairs or public integrity investigation files relating to or connected with each witness who was, or is, a law enforcement officer.

The defense is entitled to have access to government files in order to ascertain whether there

is information within such files which could be of an impeaching nature with regard to each witness to be called, including lay witnesses and government agents. <u>United States v. Deutsch</u>, 475 F.2d 55 (5th Cir. 1973). In <u>United States v. Morell</u>, 524 F.2d 550 (2nd Cir. 1975), the Second Circuit held that defense counsel were entitled to impeachment information in the confidential file of an informant witness.

Personnel files, internal investigation files, state and local government files all should be disclosed to the defense with regard to each witness to be called for the government, including law enforcement agents, all informants, and the defendant. If the government resists production of these documents, then each file should be specifically identified so that the appropriate motions or legal process can be addressed to them prior to the time of trial.

**6.     All transcripts of grand jury proceedings in this investigation**.

The decision as to whether disclosure of grand jury transcripts should be ordered is within the discretion of the trial court. <u>United States v. Marshall</u>, 526 F.2d 1349 (9th Cir. 1975).

The test used to determine whether disclosure of such transcripts should be ordered is Whether the party seeking disclosure has demonstrated a "particularized need" which outweighs the general policy of secrecy of grand jury proceedings. <u>Pittsburgh Plate Glass Company v. United States</u>, 360 U.S. 395 (1959).

In <u>Dennis v. United States</u>, 384 U.S. 855 (1966), the Supreme Court set forth the underlying basis for requiring disclosure of grand jury testimony:

> In a variety of circumstances, the lower Federal Courts, have made Grand Jury testimony available to defendants.
>
> These developments are entirely consonant with the growing realization that disclosure rather than suppression of relevant materials ordinarily promotes the proper administration of criminal justice.

<u>Id</u>., at p. 870.

> In our adversary system for determining guilt or innocence, <u>it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact.</u>  Exceptions to this are justifiable only by the clearest and most compelling considerations.  (Emphasis added)

<u>Id</u>., at. pp. 873.

08CR2559-L                                              4

1    Once the grand jury has completed its work, with indictments having been brought, then the
2    reason for secrecy of its testimony becomes even less compelling and disclosure should be more
3    readily granted. State of Illinois v. Sarbaugh, 552 F.2d 768 (7th Cir. 1977).

4    In United States v. Scony-Vacuum Oil Company, 310 U.S. 150 (1940), the Supreme Court
5    distinctly stated:

> But after the Grand Jury's functions are ended, disclosure is wholly proper where the interests of justice require it.

Id., at 234.

Thus, the burden on the move- ant to show a particularized need is also lessened when the Grand Jury has completed its work.

Counsel for the defense is entitled to disclosure of grand jury transcripts of witnesses testifying at trial. Disclosure ordered during trial comes too late to be effective to the defense and causes needless interruptions and delays of the trial in that cross-examination cannot be fully planned until after a careful review of the Grand Jury transcripts and other Jencks Act Material.

Here, as overt acts are alleged, grand jury information is critical in assessing the need for motions on the indictment.


7.    **RULE 12 (D)( 2)**  Notice of all evidence which the government intends to use in its case-in-chief which may arguably be subject to a pre-trial motion to suppress.

The above requested discovery should be promptly disclosed to the defense to avoid delay at the time of trial and to allow an opportunity to evaluate, and possibly conduct further investigation if such statements establish that this is necessary and to allow the defense to adequately prepare for cross-examination of government witnesses. See, Fed. R. Evid. 801(d)(1)(A).

Under United States v. Miller, 771 F.2d 1219, 1232 (9th Cir. 1985); United States v. Dupuy, 760 F.2d 1492, 1502 (9th Cir. 1985); United States v. Harris, 543 F.2d 1247 (9th Cir. 1976), and Fed. R. Crim. P. 12(I),    also moves the court to order the government to produce, in camera if required, any raw notes made by the assistant United States attorney and/or investigative officers of all witness interviews. Should the government be unable to comply because of the destruction of

1  such notes, this could be grounds for sanctions such as dismissal of the indictment or striking of the
2  testimony of any witness to whom such notes relate. United States v. Harris, supra, 543 F.2d at 1251-
3  1252; United States v. Johnson, 521 F.2d 1318 (9th Cir. 1975); United States v. Well, 572 F.2d 1383
4  (9th Cir. 1978).

### 8. EXPERT WITNESSES - Fed. R. Crim. P. 16(a)(1)(E)

8. ROBERT TORRES requests disclosure of the identity of any expert witnesses whom the United States intends to use. Pursuant to Fed. R. Crim. P. 16(a)(1)(E), a written summary of the ***opinions and the bases therefore***, as well as the witness' qualifications, is requested.

The defense also requests that this Court make a continuing discovery order and that the government be compelled to produce materials responsive to items contained in this motion as they become available.

### CONCLUSION

For all the foregoing reasons, counsel for ROBERT TORRES requests that this court grant motion to compel discovery.

Dated: August 19, 2008

Respectfully submitted,

S/a Brian P. Funk
Attorney for Defendant

1  BRIAN P. FUNK ESQ.
   CSB NO. 110462
2  964 Fifth Avenue #214
   San Diego, CA 92101
3  (6l9) 233-4076

4  Attorney for Defendant,

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | Crim No. 08CR2559-L | |
| Plaintiff, ) | PROOF OF SERVICE | |
| vs. ) | | |
| ROBERT TORRES ) | DATE : 9-02-08 | |
| Defendant. ) | TIME: 2:00 pm | |

I Brian P. Funk, Electronically   served the Notice of Motion and Motion to compel discovery  on

US ATTORNEY   .

880 FRONT STREET

ROOM 6293

SAN DIEGO CA. 92101

AND all other parties

August 19, 2008                                s/a Brian P. Funk

08CR2559-L                                 7